UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILMAN AUDIEL MORALES
GONZALEZ,

                  Petitioner,

v.

UNKNOWN PARTY #1 et al.,

                  Respondents.

_____/

Case No. 1:26-cv-1687

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny without prejudice Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.4.)

In an Order entered on May 29, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on June 3, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner is a native and citizen of Guatemala. (Swarts Decl. ¶ 4, ECF No. 5-1, PageID.82.) On or about May 1, 2016, Petitioner entered the United States without inspection.[1] (*Id.* ¶ 4.) Department of Homeland Security (DHS) agents encountered Petitioner and issued him a Form I-860, Notice to Appear (NTA), charging him with inadmissibility under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because he was an immigrant "not in possession of a valid unexpired[] immigrant visa, reentry permit, border crossing card, or other valid entry document required by the INA." (*Id.* ¶¶ 5-7, PageID.82–83.) DHS then served Petitioner with a Notice and Order of Expedited Removal, (Notice and Order of Expedited Removal, ECF No. 5-2, PageID.88) and, on May 7, 2016, removed Petitioner to Mexico (Notice to Alien Ordered Removed/Departure Verification, ECF No. 5-2, PageID.89). As part of Petitioner's removal, Petitioner was prohibited from entering the United States for a period of five (5) years. (*Id.*)

On September 12, 2019, Petitioner submitted a Form I-589, Application for Asylum and Withholding of Removal to the United States Citizenship and Immigration Services (USCIS). (Swarts Decl. ¶ 9, PageID.83.) His application remains pending. (*Id.*) On December 18, 2024, USCIS approved Petitioner's Application for Work Authorization. (*Id.* ¶ 10.)

On December 13, 2025, Petitioner was arrested and detained by ICE in Detroit (*Id.* ¶ 11, PageID.83.) On December 21, 2025, DHS served Petitioner with a Form I-871, Notice of Intent/Decision to Reinstate Prior Order based upon Petitioner's 2016 order of expedited removal.

---

[1] Respondents contend that Petitioner entered the United States in 2016 using the alias of "Cristian Carlos Ramirez-Perez," a citizen of Mexico. (Swarts Decl. ¶¶ 4-8, ECF No. 5-1, PageID.82.) Petitioner did not dispute this claim. Therefore, for the purposes of this opinion, the Court accepts the contention without deciding the veracity of the contention.

(*Id.* ¶ 14, PageID.84.)[2] An immigration judge subsequently found that Petitioner had a reasonable fear of returning to Guatemala, and Petitioner was placed in withholding-only proceedings. (*Id.* ¶ 19, PageID.84–85.)

On May 11, 2026, Petitioner submitted Form I-589, Application for Asylum and Withholding of Removal to the Detroit Immigration Court. (*Id.* ¶ 20, PageID.85.) A hearing on Petitioner's application is scheduled for June 25, 2026. (*Id.* ¶ 21.) Because Petitioner is in withholding-only proceedings, Petitioner cannot be removed to Guatemala until an immigration judge decides Petitioner's application. (*Id.* ¶ 22.) If an immigration judge denies Petitioner's application, ICE intends to remove Petitioner to Guatemala. (*Id.* ¶ 23.) Removal missions to Guatemala are routine and occur multiple times per week. (*Id.* ¶ 24.)

Petitioner filed this § 2241 petition on May 26, 2025. (ECF No. 1.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

Petitioner contends that his current detention is unlawful and violates the Due Process Clause of the Fifth Amendment. (Pet., ECF No. 1, PageID.2.) In response, Respondents argue that

---

[2] Petitioner does not challenge the reinstatement of his 2016 final order of expedited removal.

Petitioner's continued "detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001)." (Resp., ECF No. 5, PageID.76.)

Section 1231 governs the detention of immigrants subject to reinstated orders of removal, "meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal." *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021). It provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final in 2016, and was reinstated in December 2025.[3] The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[4] "[O]nce [a

---

[3] "[R]einstated removal orders are 'administratively final.'" *Guzman Chavez*, 594 U.S. at 534 (2021).

[4] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573,

noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

After the 90-day removal period has expired, a noncitizen may continue to be detained. *See* 8 U.S.C. § 1231(a)(6). The Supreme Court has held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen "for a presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *Zadvydas*, 533 U.S. at 701. After the six-month period, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

At the time that Petitioner filed his petition, Petitioner had been detained less than six months. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove'

---

576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

In this case, Petitioner has not offered any evidence or argument to prove that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Moreover, even if the Court were to consider that Petitioner has now been in custody for more than six months, Petitioner must still provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Petitioner has again not made that showing. Indeed, Petitioner does not mention the likelihood of his removal.

Accordingly, for each of the foregoing reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## V. Other Claims and Other Forms of Relief

Because the Court will deny Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### <u>Conclusion</u>

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      June 25, 2026               /s/ Jane M. Beckering
                                         Jane M. Beckering
                                         United States District Judge